## LEOPOLD KRIWINSKI (BY NEXT FRIEND) v. THE PENNSYLVANIA RAILROAD COMPANY.

Argued June 6, 1900—Decided November 12, 1900.

The defendants, a railroad company, blocked a public street with one of their trains. Plaintiff, while traveling along the highway, attempted to pass the obstruction by crossing over the platform of one of the cars. While so doing the defendants started to move their train from the crossing, without any warning to the plaintiff, and he was thrown violently to the ground and injured. *Held*, that the moving of their train off the crossing by the defendants was not only a lawful but an obligatory act; and that their failure to warn the plaintiff of their intention to start the train was not negligent, in the absence of knowledge on their part of his presence upon the train.

On demurrer to declaration.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff, *Joseph Anderson*.

For the defendants, *Vredenburgh & Garretson*.

The opinion of the court was delivered by

GUMMERE, J. The declaration contains three counts. The ground of action disclosed by the first two of them is that the defendants illegally blocked, with a train of their cars, one of the public streets of Jersey City; that the plaintiff, who was passing along said street, was stopped by the barrier made by the cars; that, after waiting for a period of fifteen minutes, he attempted to continue on his way by crossing over on the platform of one of these cars; that while in the act of doing so, the defendants negligently and without warning to him, started the train, thereby throwing him violently to the ground, and inflicting grave injuries upon him.

No liability on the part of the defendants to answer for the injuries to the plaintiff springs from these facts. The

illegal obstruction of the public highway by the defendants was a nuisance which it was their duty to abate with the utmost promptitude by the removal of their cars. The longer they had neglected to do so the more reprehensible their conduct would have been. Their action in removing their train from across the highway was, therefore, not only justifiable, it was compulsory; and in doing so they were under no obligation to consider the plaintiff, or to regulate their action in reference to his safety, for they had no knowledge of his presence upon their car.

The third count of the declaration sets out, in addition to the facts already stated, that the plaintiff was a passenger on the ferry of the defendant company running between New York and Jersey City; that the exit at the latter place was upon a public highway; that on the day of the happening of the accident the defendants had blocked this exit by placing across it a train of cars, and that the only way in which the plaintiff could get to the public street was by crossing over the platform between two of these cars.

These additional facts do not change the situation so far as the question of liability is concerned. The act of the defendants, in thus blocking the entrance to their ferry, was undoubtedly a wrongful one, but it was neither the direct nor the proximate cause of the plaintiff's injuries. Those injuries resulted from the rightful act of the defendants, in removing the obstruction which they had placed in front of their ferry entrance, at a time when the plaintiff was, without their knowledge, attempting to pass between the cars.

Another reason why there can be no recovery, under the facts set out in the declaration, is this: The obstruction of the public streets by the defendants' train was, obviously only temporary. The train was liable to be moved off the crossing at any moment, and the plaintiff, in attempting to cross over between the cars, took the risk of danger from the starting up of the train while he was upon it, particularly when he failed to give notice to the defendants of his presence there.

The defendants are entitled to judgment on the demurrer.